## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

ANDREW GOESEL AND CHRISTINE )
GOESEL, individually and as next friend )
of COLE GOESEL, a minor, )
           )
      Plaintiffs, )
           )
      v. )      CASE NO.: 09 L 006976
           )
BOLEY INTERNATIONAL (H.K.) Ltd., )
BOLEY CORPORATION, TARGET )
BRANDS, INC., and TARGET )
CORPORATION, )
           )
      Defendants. )

### DEFENDANT TARGET BRANDS, INC.'S
### NOTICE OF REMOVAL

Defendant files this notice of removal under 28 USC §1446(a).

#### A. Introduction

1. Plaintiffs are Andrew Goesel and Christine Goesel both individually and as representatives of the minor Cole Goesel.

2. On June 15, 2009, Plaintiff sued Defendants for negligence and products liability relating to an alleged defective product in the Circuit Court of Cook County, Illinois in case 09 L 006976. See a copy of Complaint attached as exhibit A.

3. Defendant Target Brands, Inc. was served on July 7, 2009. Thus, Defendant filed its Notice of Removal within the 30-day time period required by 28 USC §1446(b). See exhibit B.

4. Currently, Defendants Target Corporation, Target Brands, Inc., and Boley Corporation have appeared and Boley HK remains unserved. All Defendants consent to removal without objection.

#### B. Basis for Removal

5. Removal is proper because there is complete diversity between the parties. 28 USC §1332(a); *Darden v. Ford Consumer Fin. Co.*, 200 F3d 753, 755 (11th Cir 2000); *Laughlin v. Kmart Corp.*, 50 F3d 871, 873 (10th Cir. 1995). Plaintiffs are citizens of Illinois. The four corporate Defendants are not citizens of Illinois. Defendant Boley HK is a foreign corporation having headquarters in Hong Kong, China. Boley Corporation is a

foreign corporation with headquarters in San Diego, California. Both Target Corporation and Target Brands, Inc. are incorporated and domiciled in Minnesota. The amount in controversy exceeds $75,000, excluding interest, costs, and attorney fees. 28 USC §1332(a).

6.  All pleadings, process, orders, and other filings attached in the state court action are attached to this notice as required by 28 USC §1446(a). See exhibit B.

7.  Venue is proper in this district under 28 USC §1446(a) because this district and division embrace the place where the removed action has been pending.

8.  Defendant will promptly file a copy of this notice with the clerk of the state court where the action has been pending.

## C. Jury Demand

9.  Plaintiff has filed a jury demand in the state court action and Defendant has also filed a jury demand.

## D. Conclusion

10. WHEREFORE, for the above-stated reasons, Defendant, Target Brands, Inc., respectfully petitions this Court to remove the above-entitled action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division based upon diversity of citizenship.

Target Brands, Inc., Defendant,


By:  s/ David W. Gray


David W. Gray
 PATTON & RYAN, LLC
Attorneys for Defendant
330 North Wabash Avenue
Suite 2900
Chicago, Illinois 60611
(312)261-5160

## CERTIFICATE OF SERVICE

    I hereby certify that on July 29, 2009, I filed Defendant's Petition for Removal with the U.S. District Clerk, for the Northern District of Illinois, Eastern Division and sent via U.S. Mail a copy of said removal to Plaintiff's attorney listed below:

| **Plaintiff's Attorney** | **Attorney for the Defendant, Boley Corporation** |
|---|---|
| Douglas W. Bax | John A. Krivicich |
| Scott R. Bozik | Donohue Brown Mathewson & Smyth, LLC |
| Williams, Bax & Saltzman, P.C. | 140 S. Dearborn Street |
| 20 North Wacker Drive | Suite 800 |
| Suite 3230 | Chicago, Illinois 60603 |
| Chicago, Illinois 60606 | (312) 422-0972 |
| (312) 372-3311 | |

    s/ David W. Gray

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ANDREW GOESEL AND CHRISTINE GOESEL, individually and as next friend of COLE GOESEL, a minor, | ) ) ) |
| Plaintiffs, | ) ) ) |
| Vs. | ) ) |
| BOLEY INTERNATIONAL (H.K.) Ltd., BOLEY CORPORATION, TARGET BRANDS, INC. and TARGET CORPORATION, | ) ) ) ) |
| Defendants. | ) ) |

2009L006976
CALENDAR/ROOM D
TIME 00:00
Product Liability

Case No.:

**JURY TRIAL DEMANDED**

#### COMPLAINT

Plaintiffs Christine Goesel and Andrew Goesel, individually and as next friend of Cole Goesel, a minor, through their counsel, Williams, Bax & Saltzman, P.C., complain of Defendants Boley Corporation ("Boley"); Boley International (HK), Ltd. ("Boley HK"), Target Corporation ("Target"), and Target Brands, Inc. ("TBI"), as follows:

#### THE PARTIES

1.      Plaintiffs Christine Goesel and Andrew Goesel are the parents of Cole Goesel, their minor son.  Plaintiffs and Cole Goesel are Illinois citizens residing in Mokena, Illinois.

2.      Target is a Minnesota corporation with its primary place of business in Minneapolis, Minnesota.  Target owns and operates retail department stores doing business throughout the United States, including but not limited to doing business in Cook County, Illinois.

3.      Upon information and belief, TBI is a Minnesota corporation with its primary place of business located in Minneapolis, Minnesota.  Upon information and

belief, TBI is a wholly-owned subsidiary of Target which is responsible for the distribution and sale of Target's private label and proprietary brand products throughout the United States, including, but not limited to Cook County, Illinois.

4.     Upon information and belief, Boley HK is foreign company with its primary offices located in Hong Kong, China.  Boley designs and manufactures, among other things, plastic toys which it sells throughout the United States, including but not limited to Cook County, Illinois.

5.     Boley is a California corporation with its primary place of business located in Chino, California.  Upon information and belief, Boley is a subsidiary of Boley HK which is responsible for the sale and distribution of Boley HK products in the United States, including but not limited to Cook County, Illinois.

## JURISDICTION AND VENUE

6.     The Court has personal jurisdiction over Target,  TBI, Boley and Boley HK pursuant to 735 ILCS 5/2-209 as Defendants do business, transacted business and committed tortious acts within Illinois.

7.     Venue is appropriate in Cook County, Illinois, pursuant to 735 ILCS 5/2-101 because Defendants do business, transact business and committed tortious acts within Cook County.

## COMMON ALLEGATIONS

8.     Target and/or TBI offer for sale in Target retail stores its own private label or proprietary brands of toys.   These toys are sold exclusively in Target's stores under Target and/or TBI's trademarks and copyrights.  Among its proprietary lines of toys, Target and/or TBI sells toys under the private label known as "Kool Toyz."

2

9.     On information and belief, Target and/or TBI evaluates and considers whether particular toy products manufactured by various companies are, from Target and/or TBI's perspective, appropriate for sale to the public exclusively in Target retail stores under the brand name "Kool Toyz."

10.     Prior to September 28, 2007, and at all times relevant herein, Boley HK and/or Boley designed and manufactured a plastic toy robot known as the "B/O Walking Robot, w/Light and Sound" Model No.: 087 01 0183 ID187418-V ("Walking Robot").

11.     Prior to September 28, 2007, Target and/or TBI selected the Walking Robot manufactured by Boley HK and/or Boley from a variety of different products offered by other manufacturers to be sold exclusively as Target and/or TBI's own product under its private label "Kool Toyz."

12.     At the time Target and/or TBI selected the Walking Robot, Target and/or TBI determined that the materials utilized in the manufacture of the product were acceptable, appropriate, and safe for the end-user of the toy, *i.e.* Target's customers and consumers in general.

13.     Upon information and belief, at the time Target and/or TBI contracted with Boley and/or Boley HK to manufacture the Walking Robot exclusively for Target and/or TBI, there existed toy manufacturers other than Boley and/or Boley HK from which Target and TBI could have purchased a similar robot toy.

14.     In agreeing to manufacture the Walking Robot exclusively for Target and/or TBI, Boley and/or Boley HK understood and agreed that Target and/or TBI would sell and distribute the product throughout the United States, including in Illinois.

3

15.     Target/TBI marketed and sold the Walking Robot to the public as their own product under their proprietary brand name "Kool Toyz."

16.     The Walking Robot was at all relevant times sold exclusively in Target stores.

17.     The packaging for the Walking Robot identifies the product as the "Kool Toyz Cosmic Robot."

18.     The packaging for the Walking Robot states that it is "Distributed by Target Corporation, Minneapolis, MN" and is sold under the copyright of "Target Brands, Inc.  All Rights Reserved" and directs the purchaser to "Shop Target.com."

19.     At no place on the packaging does it indicate that toy was manufactured and sold by any company other than Target and TBI.

20.     The packaging for the Walking Robot provided that use of the toy was "Recommended For Ages 5 And Above."

21.     The Walking Robot comes equipped with a detachable toy sword for intended use with the robot.  The sword is designed to be placed and removed from the hand of the robot.

22.     The "Walking Robot's" sword was manufactured out of crystal or general purpose polystyrene plastic.

23.     It is widely known in the plastics industry and trade that crystal or general purpose polystyrene plastic is a rigid and exceptionally brittle plastic prone to shattering into sharp fragments.

24.     Upon information and belief, the raw material cost for manufacture of the Walking Robot sword was approximately 1.7 cents per sword.

4

25.     At all times relevant herein, there were multiple alternative materials which could have been used in the manufacture of the sword. Included among the readily available alternative materials were high impact polystyrene and polycarbonate. These plastics are up to thirty (30) times stronger than crystal polystyrene, and thus are more resistant to breaking and shattering.

26.     The cost to manufacture the "Walking Robot's" sword out of high impact polystyrene plastic would have been approximately 1.8 cents per sword. The manufacture of the sword out of high impact polystyrene would have made the sword much less likely to shatter and would have only cost 1/10 of a cent more per sword.

27.     Additionally, the sword could have been manufactured out of polycarbonate plastic at a cost of approximately 5.4 cents per sword. Manufacture of the sword with polycarbonate plastic would have made the sword approximately thirty (30) times more resistant to breaking and would have only cost 3.7 cents more per sword.

28.     On approximately September 27, 2007, Cole Goesel was playing with a certain Walking Robot (the "Robot") at his home. Cole Goesel was playing with the Robot in a manner consistent with its advertised and intended use, and in a manner reasonably foreseeable to Defendants.

29.     While playing with the Robot, the plastic sword shattered into several small dangerous and sharp fragments.

30.     A shard of the shattered sword punctured Cole Goesel's right eye, causing Cole Goesel to suffer significant injuries, including but not limited to, a traumatic cataract, a perforated lens and a laceration of the cornea.

31.     As a result of his eye injuries, Cole Goesel has suffered permanent damage to the vision in his eye and also permanent disfigurement to his eye.

32.     As a result of his injuries, Cole Goesel has endured and will continue to endure, great pain and suffering, the loss of a normal life, an inability to participate in activities engaged in prior to suffering his eye injury, and an increased risk of future harm.

33.     As a result of his injuries, Cole Goesel will suffer decreased earning capacity.

34.     As a result of his injuries, Cole Goesel and Plaintiffs have incurred and will continue to incur medical and other expenses for his treatment and care.

## COUNT I – STRICT LIABILITY
### (Boley and Boley HK)

35.     Plaintiffs incorporate by reference Paragraphs 1 through 34 above as if fully set forth herein as Paragraph 35 of Count I of the Complaint.

36.     At all times relevant herein, Boley and Boley HK were engaged in the business of manufacturing, selling and distributing plastic toys, including but not limited to Walking Robots.

37.     Prior to September 27, 2007, Boley and/or Boley HK manufactured the Robot.

38.     At the time the Robot was manufactured and left Boley and/or Boley HK's possession, the Robot was defective and was unreasonably dangerous for its intended use because the sword was manufactured out of crystal polystyrene plastic which is brittle and likely to shatter into small sharp fragments.

6

39.     In the alternative, at the time the Robot left Boley and/or Boley HK's possession it was defective, unsafe and unreasonably dangerous because its packaging stated that it was suitable for use by children "Age 5 years and above" when, in fact, given the material out of which the sword was manufactured, the Robot's sword would easily shatter when used by small children.

40.     The defects in the Robot were present and existed at all times after it left Boley's and/or Boley HK's control and up to September 27, 2007.

41.     As a direct and proximate result of the defect in the Robot, Cole Goesel suffered severe injuries to his right eye when the sword shattered and a piece punctured his eye.

42.     As a direct and proximate result of these defects, Cole Goesel has suffered permanent damage to his vision and permanent disfigurement. Cole Goesel has also suffered loss of normal life, an inability to participate in usual and customary activities, and an increased risk of future harm.

43.     As a direct and proximate result of these defects, Cole Goesel will suffer a decreased earning capacity.

44.     As a direct and proximate result of these defects, Cole Goesel and Plaintiffs have incurred and will continue to incur medical and other expenses.

WHEREFORE, Plaintiffs Andrew and Christine Goesel, individually and as the next friend of Cole Goesel, pray that this Court enter judgment in their favor and against Defendants Boley International (HK), Ltd., and Boley Incorporation in an amount in excess of fifty thousand dollars ($50,000.00), plus costs, and all other relief this Court deems reasonable and just.

7

## COUNT II – STRICT LIABILITY
### (Target and TBI)

45.     Plaintiffs incorporate by reference Paragraphs 1 through 34 above as if fully set forth herein as Paragraph 45 of Count II of the Complaint.

46.     At all times relevant herein, Target and TBI were engaged in the business of selling and distributing plastic toys, including but not limited to Walking Robots.

47.     Target and/or TBI held itself out as the apparent manufacturer of the Robot.

48.     Prior to September 27, 2007, Target and/or TBI sold the Robot.

49.     At the time the Robot was sold and left Target and/or TBI's possession, the Robot was defective and was unreasonably dangerous for its intended use because the sword was manufactured out of crystal polystyrene plastic which is brittle and likely to shatter into small sharp fragments.

50.     In the alternative, at the time the Robot left Target and/or TBI's possession it was defective, unsafe and unreasonably dangerous because its packaging stated that it was suitable for use by children "Age 5 years and above" when, in fact, given the material out of which the sword was manufactured, the Robot's sword could easily shatter when used by small children.

51.     The defects in the Robot were present and existed at all times after it left Target's and/or TBI's control and up to September 27, 2007.

52.     As a direct and proximate result of the defects in the Robot, Cole Goesel suffered severe injuries to his right eye when the sword shattered and a piece punctured his eye.

53.     As a direct and proximate result of these defects, Cole Goesel has suffered permanent damage to his vision and permanent disfigurement. Cole Goesel has also suffered loss of normal life, an inability to participate in usual and customary activities, and an increased risk of future harm.

54.     As a direct and proximate result of these defects, Cole Goesel will suffer a decreased earning capacity.

55.     As a direct and proximate result of these defects, Cole Goesel and Plaintiffs have incurred and will continue to incur medical and other expenses.

WHEREFORE, Plaintiffs Andrew and Christine Goesel, individually and as the next friend of Cole Goesel, pray that this Court enter judgment in their favor and against Defendants Target Corporation and Target Brands, Inc. in an amount in excess of fifty thousand dollars ($50,000.00), plus costs, and all other relief this Court deems reasonable and just.

## COUNT III – NEGLIGENCE
### (Boley and Boley HK)

56.     Plaintiffs incorporate by reference Paragraphs 1 through 34 above as if fully set forth herein as Paragraph 56 of Count III of the Complaint.

57.     At all times relevant herein, Boley and Boley HK had a duty of reasonable care to design and manufacture toys which were safe for use by children.

58.     Boley and Boley HK breached their duty of reasonable care in one or more of the following ways:

> a.  Manufactured the Robot's sword out of crystal polystyrene which was rigid, brittle and susceptible to splintering into small, sharp, dangerous fragments; and

9

    b.   Instructed consumers that the Robot was suitable for use by children 5 years and above when in fact the Robot, given the use of crystal polystyrene in the manufacture of the sword, was unsuitable for use by small children.

59.    As a direct and proximate result of Boley and Boley HK's breach of their duty, Cole Goesel suffered severe injuries to his right eye when the sword shattered and a piece punctured his eye.

60.    As a direct and proximate result of Boley and Boley HK's breach of their duty, Cole Goesel has suffered permanent damage to his vision and permanent disfigurement. Cole Goesel has also suffered loss of normal life, an inability to participate in usual and customary activities, and an increased risk of future harm.

61.    As a direct and proximate result of Boley and Boley HK's breach of their duty, Cole Goesel will suffer a decreased earning capacity.

62.    As a direct and proximate result of Boley and Boley HK's breach of their duty, Cole Goesel and Plaintiffs have incurred and will continue to incur medical and other expenses.

WHEREFORE, Plaintiffs Andrew and Christine Goesel, individually and as the next friend of Cole Goesel, pray that this Court enter judgment in their favor and against Defendants Boley Corporation and Boley International (H.K.), Ltd. in an amount in excess of fifty thousand dollars ($50,000.00), plus costs, and all other relief this Court deems reasonable and just.

## COUNT IV
### (Negligence – Target and TBI)

63.     Plaintiffs incorporate by reference Paragraphs 1 through 34 above as if fully set forth herein as Paragraph 63 of Count IV of the Complaint.

64.     At all times relevant herein, Target and TBI had a duty of reasonable care to select and sell toys under their private label "Kool Toyz" which were safe for use by children.

65.     Target and TBI breached their duty of reasonable care in one or more of the following ways:

a.  Selecting the Walking Robot to sell under its private label "Kool Toyz" despite the fact that the sword was manufactured out of crystal polystyrene which was rigid, brittle and susceptible to splintering into small, sharp, dangerous fragments;

b.  Failing to instruct Boley and/or Boley HK to use materials other than crystal polystyrene in the manufacture of the Robot; and

c.  Instructing consumers that the Robot was suitable for use by children 5 years and above when in fact the Robot, given the use of crystal polystyrene in the manufacture of the sword, was unsuitable for use by small children.

66.     As a direct and proximate result of Target and TBI's breach of their duty, Cole Goesel suffered severe injuries to his right eye when the sword shattered and a piece punctured his eye.

11

67. As a direct and proximate result of Target and TBI's breach of their duty, Cole Goesel has suffered permanent damage to his vision and permanent disfigurement. Cole Goesel has also suffered loss of normal life, an inability to participate in usual and customary activities, and an increased risk of future harm.

68. As a direct and proximate result of Target and TBI's breach of their duty, Cole Goesel will suffer a decreased earning capacity.

69. As a direct and proximate result of Target and TBI's breach of their duty, Cole Goesel and Plaintiffs have incurred and will continue to incur medical and other expenses.

WHEREFORE, Plaintiffs Andrew and Christine Goesel, individually and as the next friend of Cole Goesel, pray that this Court enter judgment in their favor and against Defendants Target Corporation, and Target Brands, Inc. in an amount in excess of fifty thousand dollars ($50,000.00), plus costs, and all other relief this Court deems reasonable and just.

## COUNT V
### (Breach of Implied Warranty of Merchantability – Boley and Boley HK)

70. Plaintiffs incorporate by reference Paragraphs 1 through 34 above as if fully set forth herein as Paragraph 70 of Count V of the Complaint.

71. Boley and Boley HK are merchants and sellers of Walking Robots, including but not limited to the Robot.

72. As merchants of such goods, Boley and Boley HK, in selling the Robot, impliedly warranted that the goods were fit for the ordinary purpose for which such products are used.

12

73.    Boley and Boley HK breached their implied warranty of merchantability by:

    a.    Manufacturing the Robot's sword out of crystal polystyrene which was rigid, brittle and susceptible to splintering into small, sharp, dangerous fragments; and

    b.    Instructing consumers that the Robot was suitable for use by children 5 years and above when in fact the Robot, given the use of crystal polystyrene in the manufacture of the sword, was unsuitable for use by small children.

74.    Plaintiffs notified Boley and Boley HK of their breach of warranty and the defects in the product within a reasonable time.

75.    As a direct and proximate result of Boley and Boley HK's breach, Cole Goesel suffered severe injuries to his right eye when the sword shattered and a piece thereof punctured his eye.

76.    As a direct and proximate result of Boley and Boley HK's breach, Cole Goesel has suffered permanent damage to his vision and permanent disfigurement. Cole Goesel has also suffered loss of normal life, an inability to participate in usual and customary activities, and an increased risk of future harm.

77.    As a direct and proximate result of Boley and Boley HK's breach, Cole Goesel will suffer a decreased earning capacity.

78.    As a direct and proximate result of Boley and Boley HK's breach, Cole Goesel and Plaintiffs have incurred and will continue to incur medical and other expenses.

WHEREFORE, Plaintiffs Andrew and Christine Goesel, individually and as the next friend of Cole Goesel, pray that this Court enter judgment in their favor and against Defendants Boley Corporation and Boley International (H.K.), Ltd. in an amount in excess of fifty thousand dollars ($50,000.00), plus costs, and all other relief this Court deems reasonable and just.

**COUNT VI**
**(Breach of Implied Warranty of Merchantability – Target and TBI)**

79.     Plaintiffs incorporate by reference Paragraphs 1 through 34 above as if fully set forth herein as Paragraph 79 of Count VI of the Complaint.

80.     Target and TBI are merchants and sellers of Walking Robots, including but not limited to the Robot.

81.     As merchants of such goods, Target and TBI, in selling the Robot, impliedly warranted that the goods were fit for the ordinary purpose for which such products are used.

82.     Target and TBI breached their implied warranty of merchantability by:

    a.  Manufacturing the Robot's sword out of crystal polystyrene which was rigid, brittle and susceptible to splintering into small, sharp, dangerous fragments; and

    b.  Instructing consumers that the Robot was suitable for use by children 5 years and above when in fact the Robot, given the use of crystal polystyrene in the manufacture of the sword, was unsuitable for use by small children.

83.     Plaintiffs notified Target and TBI of their breach of warranty and the defects in the product within a reasonable time.

14

84. As a direct and proximate result of Target and TBI's breach, Cole Goesel suffered severe injuries to his right eye when the sword shattered and a piece thereof punctured his eye.

85. As a direct and proximate result of Target and TBI's breach, Cole Goesel has suffered permanent damage to his vision and permanent disfigurement. Cole Goesel has also suffered loss of normal life, an inability to participate in usual and customary activities, and an increased risk of future harm.

86. As a direct and proximate result of Target and TBI's breach, Cole Goesel will suffer a decreased earning capacity.

87. As a direct and proximate result of Target and TBI's breach, Cole Goesel and Plaintiffs have incurred and will continue to incur medical and other expenses.

WHEREFORE, Plaintiffs Andrew and Christine Goesel, individually and as the next friend of Cole Goesel, pray that this Court enter judgment in their favor and against Defendants Target Corporation and Target Brands, Inc. in an amount in excess of fifty thousand dollars ($50,000.00), plus costs, and all other relief this Court deems reasonable and just.

Respectfully submitted,

ANDREW GOESEL AND CHRISTINE GOESEL,
Individually and as the Next Friend of, COLE GOESEL,

By: _____
One of Their Attorneys

Douglas W. Bax
Scott R. Bozik
WILLIAMS, BAX & SALTZMAN, P.C.
20 North Wacker Drive
Suite 3230
Chicago, Illinois 60606
Tel: (312) 372-3311
Fax: (312) 372-5720
Firm No. 43430

16

FILED

09 JUL 27 PM 3:13

CIRCUIT COURT OF COOK
COUNTY, ILLINOIS
LAW DIVISION
_____CLERK
DOROTHY BROWN

**STATE OF MINNESOTA**

**AFFIDAVIT OF SERVICE**

**COUNTY OF HENNEPIN**

**METRO LEGAL SERVICES**

Nick Gibbons, being duly sworn, on oath says:

that on July 7, 2009, at 8:30 AM he served the attached:

Summons & Complaint upon:

Target Brands, Inc., therein named, personally at:

1000 Nicollet Mall, Minneapolis, County of Hennepin, State of Minnesota, by handing to and leaving with LaQuan Johnson, Clerk, an expressly authorized agent for said Target Brands, Inc., a true and correct copy thereof.

Subscribed and sworn to before me on
7/9                    , 2009

MICHAEL D. NIELSEN
NOTARY PUBLIC·MINNESOTA
My Commission Expires Jan. 31, 2010

1083517 - 1

RE: PS-074-09

 **CT** Corporation

**Service of Process Transmittal**
06/23/2009
CT Log Number 515039711

**TO:** Jason Walbourn, Senior Counsel - Litigation
Target Corporation
1000 Nicollet Mall
Minneapolis, MN 55403-

**RE:** **Process Served in Illinois**

**FOR:** Target Corporation (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Andrew Goesel and Christine Goesel, individually and as next friend of Cole Goesel, a minor, Pltfs. vs. Boley International (H.K.) Ltd., et al. including Target Corporation, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons(2 sets), Complaint |
| **COURT/AGENCY:** | Cook County Circuit Court - County Department - Law Division, IL<br>Case # 2009L006976 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - Cole Goesel sustained severe injuries when a shattered fragments of the sword punctured in his right eye as a result defective walking robot product manufactured by defendants |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/23/2009 at 09:30 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Douglas W. Bax<br>Williams, Bax & Saltzman, P.C.<br>20 North Wacker Drive<br>Suite 3230<br>Chicago, IL 60606<br>312-372-3311 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/23/2009, Expected Purge Date: 06/28/2009<br>Image SOP<br>Email Notification, Non Employee Litigation Target gl.legal@target.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Jill Duffy-Baricovich |
| **ADDRESS:** | 208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |

Page 1 of 1 / WT

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.