IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANDREW GOESEL, et al., etc.,   )
                                )
                Plaintiffs,     )
                                )
    v.                          )    No. 09 C 4595
                                )
BOLEY INTERNATIONAL (H.K.) LTD.,)
et al.,                         )
                                )
                Defendants.     )

## MEMORANDUM ORDER

Target Brands, Inc. ("Target Brands"), one of four defendants in this personal injury case, has filed an Amended Notice of Removal ("Notice") to bring the action from the Circuit Court of Cook County to this District Court, invoking federal jurisdiction on diversity of citizenship grounds. This memorandum order is issued sua sponte because of an obvious flaw in the Notice.

In that respect this Court is less concerned with the no-doubt curable noncompliance in Notice ¶5 with the required citizenship allegations as to corporations that are set out in unambiguous terms in 28 U.S.C. §1332(c)(1).[1] Thus an allegation that a corporation has "headquarters" in a location may, but does not necessarily, coincide with the jurisdictionally-relevant fact of the corporation's "principal place of business." And just what is meant by a corporation's "domicile," a term that is

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

normally attached to individuals and families, is unclear as well.

By contrast, what is truly problematic is this statement in Notice ¶4, a document signed only by Target Brands: "All Defendants consent to removal without objection." Counsel should really know better than that, for it was fully two decades ago (measured from the Getty Oil case cited in the following quotation) that our Court of Appeals expressly stated the requirement that all defendants must provide written confirmation of their joinder in removal, and a decade and a half has passed since Roe v. O'Donohue, 38 F.3d 298, 301 (7th Cir. 1994) again spelled out and explicated that requirement in substantial detail:

> The notice of removal stated that "[a]ll other defendants who have been served with summons in this action have stated that they do not object to the removal of this action to federal court." Under ordinary standards, this is deficient. A petition for removal fails unless all defendants join it. Hanrick v. Hanrick, 153 U.S. 192, 14 S.Ct. 835, 38 L.Ed. 685 (1894); Torrence v. Shedd, 144 U.S. 527, 12 S.Ct. 726, 36 L.Ed. 528 (1892). To "join" a motion is to support it in writing, which the other defendants here did not. Northern Illinois Gas Co. v. Airco Industrial Gases, 676 F.2d 270, 272-73 (7th Cir.1982); Getty Oil Corp. v. Insurance Co. of North America, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988).

Although there is an ongoing debate within the Supreme Court itself as to the survivability of the Thermtron judge-made exception to the nonreviewability of remand orders that Congress has unambiguously specified in 28 U.S.C. §1447(d), at least for

2

now this Court will continue to limit its sua sponte remand orders to subject matter jurisdictional defects in notices of removal. Accordingly it grants Target Brands' counsel until August 7, 2009 to file (with a hard copy to be delivered contemporaneously to this Court's chambers) an appropriate amendment to the Notice that cures the flaws identified here. Failing such a curative filing, this Court will be constrained to issue an order remanding this action to its state court of origin.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 3, 2009